**FILED**

Troy Thomas

NAME

Fee Due

02600-088

PRISON IDENTIFICATION/BOOKING NO.

3901 Klein Blvd

ADDRESS OR PLACE OF CONFINEMENT

Lompoc, CA 93436

2009 NOV -4 AM 10: 44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. O. CALIF.
LOS ANGELES

BY _____ NL

Note:   If represented by an attorney, provide name, address & telephone
number. *It is your responsibility to notify the Clerk of Court in
writing of any change of address.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Troy Thomas

FULL NAME (Include name under which you were convicted)

Troy Thomsa

(530)                           Petitioner,

CASE NUMBER:

# CV09-8057 JVS (FMO)

To be supplied by the Clerk of the United States District Court

CR   04-CR-119-01J

Criminal case under which sentence was imposed.

v.

United States of America

NAME OF WARDEN, (or other authorized person having custody of
petitioner)

Linda Sanders              Respondent.

**PETITION FOR WRIT OF HABEAS CORPUS BY
A PERSON IN FEDERAL CUSTODY**
(28 U.S.C § 2241)

## INSTRUCTIONS - READ CAREFULLY

This petition shall be legibly handwritten or typewritten, signed by *the petitioner, under penalty* of perjury. You must set forth CONCISELY the answer to each question in the proper space on the form. Any false statement of *a material* fact may serve as the basis for prosecution and conviction for perjury.

You must not attach separate pages to this petition except that ONE separate additional page is permitted in answering Question No.9.

Upon receipt of a fee of $5.00 your petition will be filed if it is in proper order.

If you are seeking leave to proceed *in forma pauperis* (without paying the $5.00 filing fee and other court costs), then you must also execute the declaration on the last page, setting forth information which establishes your inability to pay the fees and costs of the proceedings or to give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your prison account exceeds $25.00, you must pay the filing fee as required by the rule of the district court.

When the petition is completed, the original and 3 copies, must be mailed to the Clerk of the United States District Court for the Central District of California, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012, ATTENTION: Intake/Docket Section.

Only one sentence, conviction or parole matter may be challenged in a single petition. If you challenge more than one, you must do so by separate petitions.

LODGED
CLERK, U.S. DISTRICT COURT

OCT 29 2009
5:00
Page 1 of 7
CENTRAL DISTRICT OF CALIFORNIA
BY      NL      DEPUTY

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☐ a conviction.
2. ☒ a sentence.
3. ☐ jail or prison conditions.
4. ☐ prison discipline.
5. ☐ a parole problem.
6. ☐ other.

## PETITION

1. Place of detention   United States Penitentiary, Lompoc, CA (USP-Lompoc)

2. Name and location of court which imposed sentence   United States District Court, District Of Wyoming

3. The indictment number or numbers (if known) upon which, and the offense or offenses for which, sentence was imposed:
   a.   04-CR-119-01J
   b.
   c.

4. The date upon which sentence was imposed and the terms of the sentence:
   a.   September 17, 2004
   b.
   c.

5. Check whether a finding of guilty was made:
   a. ☒ After a plea of guilty
   b. ☐ After a plea of not guilty
   c. ☐ After a plea of nolo contendere

6. If you were found guilty after a plea of not guilty, check whether that finding was made by:
   a. ☐ a jury      NA
   b. ☐ a judge without a jury

7. Did you appeal from the judgment of conviction or the imposition of sentence? ☒ Yes      ☐ No

8. If you did appeal, give the following information for each appeal:

   CAUTION:   *If you are attacking a sentence imposed under a federal judgment, you must first file a direct appeal or motion under 28 U.S.C. §2255 in the federal court which entered the judgment.*

   a. (1) Name of court   United States Court of Appeals For The Tenth Circuit
      (2) Result   Remanded for re-sentencing/Sentence modified
      (3) Date of result   March 22, 2005
      (4) Citation or number of opinion   US v. Thomas, 04-8104

(5) Grounds raised (*list each*):

(a) <u>The district court sentenced Appellant in violation of US v. Booker</u>

(b) _____

(c) _____

(d) _____

b. (1) Name of court <u>US Court of Appeals For the Tenth Circuit</u>

(2) Result <u>Remanded/modification of sentence under Booker</u>

(3) Date of result <u>March 22, 2005</u>

(4) Citation or number of opinion <u>04-8104</u>

(5) Grounds raised (*list each*):

(a) <u>Same as item 5 herein.</u>

(b) _____

(c) _____

(d) _____

9. State CONCISELY every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, attach a SINGLE page only behind this page.

CAUTION: *If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date. You must state facts, not conclusions in support of your grounds. A rule of thumb to follow is - who did exactly what to violate your rights at what time and place.*

a. Ground one: <u>Petitioner Is Actual Innocence Of Being A Career Offender</u>
<u>Under USSG § 4B1.1 & 2</u>

Supporting FACTS (tell your story BRIEFLY without citing cases or law): <u>Petitioner is Actual</u>
<u>Innocence Of Being A Career Offender</u> <u>Under USSG § 4B1.1 & 2, Where</u>
<u>The Predicate Offense, Violation of</u> <u>18 USC § 1791(a)(2) & (B)(3), Used</u>
<u>To Trigger The Guideline Enhancement, Is Not And Never Was A "Crime Of</u>
<u>Violence" Within The Meaning Of USSG § 4B1.1 & 2. See facts and</u>
<u>Argument attached.</u>

b. Ground two: <u>NA</u>
_____

Supporting FACTS (tell your story BRIEFLY without citing cases or law): _____

_____

_____

_____

_____

_____

c.  Ground three: _____ NA _____

Supporting FACTS (tell your story BRIEFLY without citing cases or law): _____
NA

_____

_____

_____

_____

d.  Ground four: ___ NA _____

Supporting FACTS (tell your story BRIEFLY without citing cases or law): _____
NA

_____

_____

_____

_____

10. Have you filed previous petitions for habeas corpus, motions under Section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction?  ☐ Yes  ☒ No

11. If your answer to Question No. 10 was yes, give the following information:

a.  (1) Name of Court ___ NA _____

(2) Nature of proceeding NA _____

(3) Grounds raised _____ NA _____

_____

_____

_____

_____

(4) Result ___ NA _____

(5) Date of result ___ NA _____

(6) Citation or number of any written opinions or orders entered pursuant to each disposition.
___ NA

_____

_____

_____

b.   (1) Name of Court __NA__

(2) Nature of proceeding __NA__

(3) Grounds raised __NA__

(4) Result __NA__

(5) Date of result __NA__

(6) Citation or number of any written opinions or orders entered pursuant to each disposition.
NA

12. If you did not file a motion under Section 2255 of Title 28, United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention: __NA__

13. Are you presently represented by counsel? ☐ Yes ☒ No

If so, provide name, address and telephone number __NA__

Case name and court __NA__

14. If you are seeking leave to proceed in forma pauperis, have you completed the declaration setting forth the required information? ☒ Yes ☐ No

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

_Troy Thomas_
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on __10-31-09__
Date

_Troy Thomas_
Signature of Petitioner

Troy Thomas
_____
*Petitioner*

Linda Sander
_____
*Respondent(s)*

**DECLARATION IN SUPPORT
OF REQUEST
TO PROCEED
IN FORMA PAUPERIS**

I, **Troy Thomas** _____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed? ☐ Yes  ☒ No

   a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer.  **NA**
   _____

   b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received.  **2004**
   _____

2. Have you received, within the past twelve months, any money from any of the following sources?

   a. Business, profession or form of self-employment?  ☐ Yes  ☒ No
   b. Rent payments, interest or dividends?  ☐ Yes  ☒ No
   c. Pensions, annuities or life insurance payments?  ☐ Yes  ☒ No
   d. Gifts or inheritances?  ☐ Yes  ☒ No
   e. Any other sources?  ☐ Yes  ☒ No

   If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months:  **NA**
   _____

3. Do you own any cash, or do you have money in a checking or savings account? *(Include any funds in prison accounts)*  ☐ Yes  ☒ No

   If the answer is yes, state the total value of the items owned:  **NA**
   _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property? *(Excluding ordinary household furnishings and clothing)*  ☐ Yes  ☒ No

   If the answer is yes, describe the property and state its approximate value:  **NA**
   _____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: NA _____

_____

_____

I, declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on *10 - 21 - 09*    *Troy Thomas*
_____        _____
Date                                           Signature of Petitioner

## CERTIFICATE

I hereby certify that the Petitioner herein has the sum of $ *10. 69* _____ on account to his credit at the ___ *USP Lompoc, CA.* _____ institution where he is confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said institution:

_____

_____

_____

_____

_____

*10/21/09*    *M. Wilfin*
_____        _____
Date                                           Authorized Officer of Institution

*Counselor*
_____
Title of Officer

Addition Facts And Law In Support
Of Petitioner's Motion Under 28 USC § 2241

In 1992, Petitioner, an inmate, then serving a sentence at FCI-
Oakdale for violating 21 USC § 846, was charged with violating 18 USC
§ 1791(a)(2) & (B)(3)(Possession of a prohibited object, to wit: a
makeshift sharpened metal object, commonly referred to as a "Shank,"
in a federal correctional institution). A grand jury in the Western
District of Louisiana indicted Petitioner. Sometime after said
indictment, Petitioner plead guilty and in accordance with a plea
agreement and was sentenced to a term of 51 months all to run con-
secutive...with the sentence being served for the § 846 violating.
See exhibit A for Docket No. CR92-20020-01 and Docket Number 2:89-
00176-02.

Subsequent to Petitioner's release, he was arrested and indicted
for violating 21 USC §§ 841(a)(1) and 846 in the District of Wyoming.
Pursuant to a plea agreement the Petitioner plead guilty.  The
Probation Officer, in the PSR, designated Petitioner a "career
offender" and over a challenge by Petitioner, the district court
adopted the probation officer's findings and sentenced Petitioner
as such to a term of 151 months of incarceration in the Federal
Bureau of Prisons.

Here, as at sentencing, Petitioner argued that the § 1791(a)(2)
§ (B)(3) violating did and could not served as a "crime of violence"
for the purpose of Triggering USSG § 4B1.1 & 2 and designating him
a career offender. See exhibit B, eight pages. Petitioner's
contention finds support in United States v. Polk, 577 F.3d 515-20
(3rd Cir. 2009), "holding that possession of a weapon in prison
should not be considered a "crime of violence" under the Career

Offender Guidelines overruling <u>United States v. Kenney</u>, 310 F.3d 135

(3rd Cir. 2002."

    Having said that, Petitioner contends that he is actual

innocence of being a career offender under USSG § 4B1.1 & 2, where

the predicate offense, violation of 18 USC § 1791(a)(2) & (B)(3), used

to trigger the Guideline enhancement, is not and never was a "Crime

of Violence" within the meaning of USSG § 4B1.1 and or 2.


Troy Thomas
Reg. No. 02600-088
United States Penitentiary
3901 Klein Blvd
Lompoc, CA 93436

2

```
   LOMM1   540*23  *            SENTENCE MONITORING          *     10-20-2009
PAGE 008          *            COMPUTATION DATA             *     10:38:21
                                AS OF 02-01-2002
```

REGNO..: 02600-088 NAME: THOMAS, TROY D


FBI NO...........: 957484EA7                DATE OF BIRTH: 03-18-1970
ARS1.............: LOM/A-DES
UNIT.............: L                        QUARTERS.....: L02-007L
DETAINERS........: NO                       NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  02-01-2002 VIA GCT REL

----------------------PRIOR JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: WEST VIRGINIA, SOUTHERN DISTRICT
DOCKET NUMBER...................: 2:89-00176-02
JUDGE...........................: HADEN II
DATE SENTENCED/PROBATION IMPOSED: 01-02-1990
DATE COMMITTED..................: 01-17-1990
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS   MISDMNR ASSESS    FINES         COSTS
NON-COMMITTED.:  $50.00          $00.00            $00.00        $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

----------------------PRIOR OBLIGATION NO: 010 ----------------------
OFFENSE CODE....:  391
OFF/CHG: COUNT 1: CONSPIRACY TO DISTRIBUTE COCAINE BASE / 21 USC 846

   SENTENCE PROCEDURE............: 3559 SRA SENTENCE
   SENTENCE IMPOSED/TIME TO SERVE.:  110 MONTHS
   TERM OF SUPERVISION............:    3 YEARS
   CLASS OF OFFENSE...............: CLASS C FELONY
   DATE OF OFFENSE................: 07-28-1989

----------------------PRIOR JUDGMENT/WARRANT NO: 020 ----------------------

COURT OF JURISDICTION...........: LOUISIANA, WESTERN DISTRICT
DOCKET NUMBER...................: CR92-20020-01
JUDGE...........................: TRIMBLE
DATE SENTENCED/PROBATION IMPOSED: 08-20-1992
DATE COMMITTED..................: 08-20-1992
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO



   G0002       MORE PAGES TO FOLLOW . . .

                                    EX - I

CASE NO. 8070
IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,    )
     Plaintiff-Appellee,     )
          )
v.          )
          )
**TROY THOMAS,**     )
     Defendant-Appellant.     )

---

On Appeal from the United States District Court
for the District of Wyoming
The Honorable Alan B. Johnson
District Judge
D.C. No.  04-CR-119-J

---

**MOTION OF APPELLANT'S COUNSEL TO WITHDRAW UNDER
ANDERS v. CALIFORNIA, 386 U.S. 738 (1967),
AND RULE 46.4.2, AND BRIEF IN SUPPORT THEREOF**

EX-2

Respectfully submitted,

RAYMOND P. MOORE
Federal Public Defender
    Robert R. Rogers
    Assistant Federal Public Defender
    320 West 25th St.  Ste. 103
    Cheyenne, WY 82001-3069
    (307) 772-2781
Oral Argument is not requested.
SCANNED PDF FORMAT ATTACHMENTS ARE INCLUDED
WITH DIGITAL SUBMISSION SENT VIA EMAIL
November 22, 2005

# TABLE OF CONTENTS

MOTION TO WITHDRAW ............................................

PRIOR OR RELATED APPEALS ................................................ 1

STATEMENT OF JURISDICTION ............................................. 4

STATEMENT OF THE ISSUES .................................................... 4
    I. Was the Career Offender Enhancement lawfully applied, where one of the precedent ...... 6
        convictions was for Possession of a Prohibited Object (a shank) in prison?
    II. Was the sentence of 151 months reasonable, taking into account all the factors of 18 ..... 6
        U.S.C. § 3553(a)? .................................................... 6

CITATION TO THE RECORD ................................................ 6

STATEMENT OF THE FACTS ............................................... 6
    The Resentencing ................................................. 7

STANDARD OF REVIEW ................................................. 12

SUMMARY OF THE ARGUMENT ........................................... 15

ARGUMENT ........................................................ 16
    I. Is Possession of a Prohibited Object (a shank) in Prison a Crime of Violence? .... 17
    II. Was the 151 month sentence imposed on Thomas reasonable? ............... 17

CONCLUSION .................................................... 18

CERTIFICATE OF COMPLIANCE ........................................ 20

CERTIFICATE OF DIGITAL SUBMISSION ................................ 21

CERTIFICATE OF SERVICE ............................................ 22

ATTACHMENTS ................................................... 23
    ....................................................... 24

i

## MOTION TO WITHDRAW

COMES NOW Robert R. Rogers, Assistant Federal Public Defender, and does hereby move the Honorable Court for its Order allowing counsel to withdraw from representation of the above-captioned Defendant/Appellant, Troy Thomas. As grounds therefore, the undersigned respectfully shows the Court as follows:

1.     The trial court record from the U.S. District Court for the District of Wyoming provides the following:

a.     Defendant/Appellant, Thomas, was indicted for Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine, and Possession with Intent to Distribute Cocaine.

b.     Thomas pleaded guilty and was initially sentenced to 156 months imprisonment under the then-mandatory "Career Offender" provisions of the U.S. Sentencing Guidelines.

c.     Following an appeal, Thomas's case was remanded for re-sentencing because of the mandatory application of the Guidelines, in violation of *United States v. Booker*, 542 U.S. 955 (2004).

1

## STATEMENT OF THE FACTS

Troy Thomas, a black male, was born in 1970 in New York City. His

mother was a heroin addict. (R5:PSR at 13.) His parents divorced when he was a

year old and he had minimal contact with his father thereafter. (*Id.*) He recalls as

a child he and his mother having to move constantly in search of places to stay.

(*Id.*) Not surprisingly, as a teenager Thomas was adjudicated delinquent for two

larcenies in juvenile court, and was convicted of one drug offense. (*Id.* at 9.)

On August 24, 1989, Troy Thomas got into his first real trouble. He was

arrested for conspiracy to distribute crack cocaine. (R5:PSR at 10.) He was 19

years old at the time. (*Id.*) The charge was prosecuted federally and the Federal

Sentencing Guidelines were considered mandatory.  In January 1990, the 19 year

old Thomas received a sentence of 110 months. (*Id.*) Two years later, while

Thomas was serving his sentence at Oakdale Federal Correctional Institution,

Thomas' mother died of a brain aneurysm. (*Id.* at 13.) During that same year, the

young Mr. Thomas, now 22, was convicted of Possession of a Prohibited Object in

a Federal Correctional Institution. (*Id.* at 12.) According to the PSR in this case,

the "prohibited object" was a "sharpened metal object." (*Id.*) As a result, Thomas

7

received an additional 51 month sentence to run consecutive to the original 110 month sentence. As mentioned, between the ages of 15 and 18, Thomas had been the subject of two juvenile adjudications for larceny and one drug conviction. (*Id.* at 9.) Nonetheless, from the age of 18 until he was released in 2002 at age 32, Thomas was incarcerated in federal prison. (*Id.* at 14.) No other arrest or convictions appeared on Thomas' record until the instant conviction.

On April 14, 2004, Thomas was arrested in Wyoming for conspiracy and possession with intent to distribute cocaine. (R2 at 17-18.) He pleaded guilty to both counts on July 12, 2004, and stipulated that the amount of cocaine was "just a little under 2 kilos." (R2 at 17.) The only other facts Thomas admitted to were that he was pulled over by a highway patrolman, and that he was conspiring with others in order to transport the cocaine to New York City for distribution. (*Id.* at 17-18.)

Though never admitted to by Thomas, the Presentence Report alleged that prior to being arrested on April 15, the vehicle Thomas had been riding in was pursued by a highway patrolman before stopping. (R5:PSR at 5.) Further, the cocaine had been largely thrown out the window during the chase. This resulting,

8

according to the highway patrolman, in the cocaine entering the ventilation system

of the police car, and causing the patrolman to ingest some cocaine. (*Id.*) These

facts were never stipulated to, however. Thomas was a passenger in the back seat

of the vehicle during the stop and chase. (*Id.*) Two others were present in the car.

(*Id.*)

A Presentence Report discussed Thomas' record. (R5.) The report

indicated that the two convictions discussed above–for conspiracy to deliver crack

and for possession of a prohibited object in prison–were the only two countable

convictions. (R5:PSR at 10-12.) These resulted in six criminal history points and

a Criminal History Category III. (*Id.* at 12) Two additional points were added

because Thomas was still on supervised release, resulting in Criminal History

Category IV. (*Id.* at 13.) Nonetheless, Thomas was placed in Criminal History

Category VI, because the Presentence Report determined that Thomas was a

"Career Offender" under USSG §4B1.1 (R5:PSR at 13.)

Thomas was considered a "Career Offender" under the provisions of the

U.S. Sentencing Guidelines because the probation officer reasoned that Thomas

had two prior felonies–one for a drug offense (the crack cocaine conspiracy at age

9

19), and one for a crime of violence (the possession of a prohibited object while serving the above conspiracy sentence). (*Id.* at 8.)

Without the "Career Offender" designation, Thomas was at Base Offense Level 26 based on the quantity of drugs he admitted to. (*Id.* at 8.) Though not admitted to by Thomas, the Presentence Report further added two levels, reasoning that the alleged flight from the police and alleged ingestion of cocaine by the highway patrolman constituted "Obstruction of Justice" under USSG § 3C1.2 (R5:PSR at 8.) After a three-level reduction for acceptance of responsibility, the Presentence Report indicated Thomas would have been sentenced at offense level 25. But because of the "Career Offender" designation, Thomas was placed at offense level 29, for a sentence of 151 to 188 months. He received a sentence of 156 months imprisonment followed by 24 months for the revocation of his supervised release, for a total of 180 months. (R1:103 at 2.)

Prior to being sentenced, Thomas objected to the Presentence Report's determinations and findings on multiple grounds. They were: (1) that Thomas was not a Career Offender because the conviction for Possession of a prohibited object was not a "Crime of Violence;" (2) Thomas could not be enhanced two levels for

10

Obstruction of Justice because he disputed the alleged facts, and because the facts, even as alleged, did not constitute Obstruction of Justice; (3) the Obstruction of Justice enhancement could not be applied without violating *Blakely v. Washington*, 124 S.Ct. 2531 (2004) because the conduct had not been admitted to nor found by a jury; (4) the Career Offender designation could not be applied without violating *Blakely*, because the underlying findings must be made by a jury or admitted to; and (5) the U.S. Sentencing Guidelines were unconstitutional under *Blakely* and because of the doctrine of Separation of Powers. (R5:Defendant's Objection Letter; R1:101; R3 at 7-19). Thomas further moved for a downward departure based on overstatement of his criminal history. (R5:Objection Letter; R3 at 18-19.) Thomas' objections were overruled, resulting in the 156 month sentence[1] for the instant offense. (R1:103.) The sentence reached by the court

---

[1] The court's oral pronouncement of sentence was actually "a term of 56 months," [*sic*] (R3 at 30), but the written Judgment indicates "a term of 156 months." (R1:103.) The record does not contain an explanation for the discrepancy. Given that the judge apparently mispoke, it is unclear whether he actually meant to impose the lowest possible sentence of 151 months, whether he really meant 156 months, or something else.

11

was dictated by the application of the Federal Sentencing Guidelines and the "Career Offender" designation contained therein.

Thomas appealed this sentence, and it was remanded for re-sentencing because the Sentencing Guidelines were applied in a mandatory fashion, in violation of *United States v. Booker*.

The Resentencing

At the re-sentencing hearing, Thomas noted that had the Career Offender designation and the obstruction of justice enhancements not applied, he would have been at Offense Level 23 and Criminal History Category IV, which would call for a sentence of 70 to 87 months. (R4 at 34.) Had only the Career Offender enhancement applied, the Offense Level 25 would have applied, with a resultant sentence of 77 to 96 months. (Id. at 9.)

In urging the court to consider mitigating factors in 18 U.S.C. § 3553, Thomas' counsel reiterated his background and troubled youth in New York City, with a heroin-addicted mother. (Id.) His mother received treatment for heroin addiction when Thomas was twelve years old (Id. at 11.) Thomas began selling drugs at a very young age in order to help support his family. (Id.) At age 19,

12

Thomas was sentenced, under the newly minted Sentencing Guidelines, to 110 months in prison for selling crack cocaine. (Id. at 12.) Prison was not easy for the young man, especially after he was moved from his home state of New York to a prison in Louisiana (Id.) The Louisiana prison environment was alien to Thomas, and shortly after his mother died, he was convicted for possession of a prohibited object in prison. (Id. at 13.) For this crime, he received an additional 51 consecutive months. (Id. at 13.)

Six letters, speaking glowingly of Thomas' character, were submitted to the judge and discussed by counsel. (Id. at 13-17.)

Thomas urged the trial judge to consider the "justness" of a Career Offender sentence, a word used in 18 U.S.C. § 3553(a)(2). Additionally, the court was urged to consider the types of sentences available (§3553(a)(3)) (R4 at 18), the rehabilitative goals of sentencing (§ 3553(a)(2)(D)), and emphasized that consistent with § 3553(a), the sentence should be sufficient, but not greater than necessary, to comply with the enumerated sentencing purposes. (R4 at 18.)

Thomas urged that a "just" sentence, sufficient but not greater than necessary to accomplish the purposes of § 3553(a) was between 70 and 96 months.

13

This range would relieve Thomas of the Career Offender designation, and at the low end, of the obstruction of justice enhancement.

In ruling, the judge noted a "tape from Trooper Peech's automobile" and the chase which resulted in Thomas's arrest. (Id. at 38.) Thomas objected to the court's consideration of this evidence, because this tape had never been introduced in evidence in Thomas' case, but rather in a co-defendant's case. (Id. at 38.)

Further, the court noted that the exact quantity of the cocaine was unknown, because the drugs were thrown out the window during the chase, and found the Level 26 was "an appropriate compromise" reflecting the amount of drugs at issue. (Id. at 38-39.) Regarding the obstruction of justice enhancement, the judge found it applicable because of the flight and destruction of evidence. (Id. at 39.) Discussing Thomas' prior record, the judge agreed that Thomas' first sentence for selling crack cocaine was "very heavy." (Id. at 40.) Noting the objection that Carrying a Prohibited Object was not a "Crime of Violence," the court overruled it. The court disagreed that the Career Offender designation in effect over-represented Thomas' criminal history. (Id. at 41.)

14



**TERRY NAFISI**
District Court Executive
and Clerk of Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8 Los
Angeles, CA 90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Wednesday, November 04, 2009

TROY THOMAS / 02600-088
USP - LOMPOC
3901 KLEIN BLVD.
LOMPOC, CA 93436

Dear Sir/Madam:

A  [X]  Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil case number
CV09- 8057 JVS (FMO)

A  [ ]  Motion pursuant to Title 28, United States Code, Section 2255, was filed today in criminal case
number _____  and also assigned the civil case number  _____

A  [ ]  Motion for Extension of Time to File Habeas Corpus Petition was filed today on your behalf and
assigned civil case number _____

Please refer to these case numbers in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:
   [ ]  District Court Judge _____
   [X]  Magistrate Judge     **Fernando M. Olguin** _____
at the following address:

   [X]  U.S. District Court          [ ]  Ronald Reagan Federal          [ ]  U.S. District Court
        312 N. Spring Street              Building and U.S. Courthouse         3470 Twelfth Street
        Civil Section, Room G-8          411 West Fourth St., Suite 1053      Room 134
        Los Angeles, CA  90012           Santa Ana, CA  92701-4516            Riverside, CA 92501

The Court must be notified within fifteen (15) days of any address change.  If mail directed to your
address of record is returned undelivered by the Post Office, and if the Court and opposing counsel
are not notified in writing within fifteen (15) days thereafter of your current address, the Court may
dismiss the case with or without prejudice for want of prosecution.

                                    Very truly yours,

                                    Clerk, U.S. District Court


                          By:   NLONGORI_____
                                    Deputy Clerk



**TERRY NAFISI**

District Court Executive
and Clerk of Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8 Los
Angeles, CA 90012
Tel: (213) 894-3535

Wednesday, November 04, 2009

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

TROY THOMAS / 02600-088
USP - LOMPOC
3901 KLEIN BLVD.
LOMPOC, CA 93436

Dear Sir/Madam:

Your petition has been filed and assigned civil case number      CV09- 8057 JVS (FMO)

Upon the submission of your petition, it was noted that the following discrepencies exist:

☐ 1. You did not pay the appropriate filing fee of $5.00.  Submit a cashier's check, certified bank
check, business or corporate check, government issued check, or money order drawn on a major
American bank or the United States Postal Service payable to 'Clerk U.S. District Court'.  If
you are unable to pay the entire filing fee at this time, you must sign and complete this
court's Prisoner's Declaration In Support of Request to Proceed In Forma Pauperis in its
entirety.  The Clerk's Office will also accept credit cards (Mastercard, Visa, Discover,
American Express) for filing fees and miscellaneous fees.  Credit card payments may be made at
all payment windows where receipts are issued.

☒ 2. The Declaration in Support of Request to Proceed in Forma Pauperis is insufficient because:

☐ (a) You did not sign your Declaration in Support of Request to Proceed in Forma Pauperis.

☐ (b) Your Declaration in Support of Request to Proceed in Forma Pauperis was not completed in its
entirety.

☒ (c) You did not submit a Certificate of Prisoner's Funds completed and signed by an authorized
officer at the prison.

☐ (d) You did not use the correct form.  You must submit this court's current Declaration in
Support of Request to Proceed in Forma Pauperis.

☐ (e) Other: _____

Enclosed you will find this court's current Prisoner's Declaration in Support of Request to Proceed in
Forma Pauperis, which includes a Certificate of Funds in Prisoner's Account Form.

Sincerely,

Clerk, U.S. District Court
NLONGORI

By: _____

Deputy Clerk

CV-111  (07/06)                    **NOTICE re: DISCREPENCIES FOR FILING OF HABEAS CORPUS PETITION**